IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Propulsion Technologies, Inc., d/b/a** | § | |
| **PowerTech! Marine Propellers,** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. B-99-168** |
| v. | § | |
| | § | |
| **Attwood Corporation,** | § | |
| | § | |
|     **Defendant.** | § | |

**OPINION AND ORDER**

BE IT REMEMBERED, that on August 2, 2005, the Court **sustained in part and overruled in part** Plaintiff's objections to Defendant's Bill of Costs, and **granted in part and denied in part** Defendant's Bill of Costs.

The Court addresses only those objections raised by Plaintiff.

**I.  Legal Standards**

After the Fifth Circuit reversed the jury's award of actual and punitive damages in favor of Plaintiff Propulsion Technologies d/b/a PowerTech! Marine Propellers ("PowerTech"), Defendant Attwood Corporation ("Attwood") seeks appellate costs pursuant to Federal Rule of Appellate Procedure 39(e), and trial costs pursuant to Federal Rule of Civil Procedure 54(d).

**A.  Trial Costs Pursuant to Federal Rule of Civil Procedure 54(d)**

Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, Attwood seeks trial costs in the total amount of $17,075.59 for copies of trial exhibits, deposition costs, and videotape editing of depositions used at trial.  Federal Rule 54(d)(1) provides:

> (1) *Costs Other than Attorneys' Fees.*  Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . Such costs may be taxed by the clerk on one day's notice.

On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

28 U.S.C. § 1920(a) allows costs for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this Title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Local Rule 54.2 requires that "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment."

## B. Appellate Costs Pursuant to Federal Rule of Appellate Procedure 39(e)

Federal Rule of Appellate Procedure 39(a)(3) states that "if a judgment is reversed, costs are taxed against the appellee." Rule 39(e) establishes which costs on appeal are taxable in the district court:

The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
    (1) the preparation and transmission of the record;
    (2) the reporter's transcript, if needed to determine the appeal;
    (3) premiums paid for a supercedeas bond or other bond to preserve rights pending appeal; and
    (4) the fee for filing the notice of appeal.

Certain costs are taxed at the Circuit Court pursuant to Rule 39(d), while costs such as those incurred in the preparation of the record and reporter's transcript, the paying of appeal-bond premiums, and filing of a notice of appeal are incurred at the district court level, and are therefore taxable only at the district court level. *See* Fed. R. App. P. 39(e); 16A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3985.1 (West 3d ed. 1999).

> Such items should not be submitted to the clerk of the court of appeals as part of the bill of costs in that court, and these costs are not included in the costs statement inserted in the mandate. Rule 39(e) accordingly provides that these costs "are taxable in the district court for the benefit of the party entitled to costs under this rule." To secure these costs under Rule 39(e), the prevailing party should make a separate application to the district court after the mandate has been received from the court of appeals.

Wright, et al., § 3985.1; *see also* 10 *Moore's Federal Practice* § 54.102[2][i], at 54-171 (3d ed. 1999) (noting that costs sought under Rule 39(e) should not be included in the bill of costs submitted to the appellate court, but should be submitted separately to the district court after the issuance of the mandate where they are properly taxed).

Thus, appellate costs Federal Rule of Appellate Procedure 39(e) and trial costs under Federal Rule of Civil Procedure 54(d) are separate matters. Although the district court has discretion to award costs for trial under Rule 54(d) after appeal, it does not have the same discretion under Appellate Rule 39. *See* 20a *Moore's Federal Practice* § 339.70, at 339-12 to 339-13 (noting that district courts have discretion to award trial costs under Rule 54(d) as costs taxable on appeal). Nevertheless, "[t]he appellate court's mandate regarding costs of appeal has no bearing on the costs of trial." *Singleton v. Guangzhou Ocean Shipping Co.*, 1996 WL 696476, at *2 (E.D. La. Dec. 4, 1996) (noting after appeal that although Court had no discretion concerning allowance of costs under Rule 39(e), it did have discretion concerning the allowance of trial costs under Rule 54(d) (citing *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128 (5th Cir. 1983)). "Accordingly, the costs of appeal must be segregated from the costs of trial." *Singleton*, 1996 WL 696476, at *2.

## II.  PowerTech's Arguments and Objections

### A.  PowerTech's Argument that Attwood Waived Any Claim to Taxable Costs for the Appeal by Failing to Timely File a Bill of Costs with the Fifth Circuit

PowerTech argues Attwood "failed to initiate the recovery of appellate costs by filing a bill of costs with the Fifth Circuit. Accordingly, Attwood has waived any basis for recovering costs on appeal." Obj., at p. 3 [Dkt. No. 292]. Citing Rule 39(d)(1), PowerTech argues Attwood had only 14 days after entry of judgment to file its bill of costs with the

circuit clerk. Moreover, PowerTech interprets Rule 39 to require a party seeking appellate costs under Rule 39(e) to first file a bill of costs with the clerk of the Fifth Circuit.

In dicta, the Fifth Circuit has suggested that when the appellate court's mandate does not contain a time limit for the filing of a bill of costs under Rule 39(e), the district court has no discretion as to "whether, when, to what extent, or to which party to award costs of the appeal. In taxing the costs on appeal, its sole responsibility is to ensure that only proper costs are awarded." *In re Sioux Ltd. Securities Litigation*, 1991 WL 182578, at * 1 (5th Cir. Mar. 4, 1991) (per curiam).[1] Moreover, some sister district courts have determined this interpretation is buttressed by the inclusion of a 14-day period for taxation in Rule 39(d), but the omission of such a time period in Rule 39(e). *See Choice Hotels Int'l, Inc. v. Kaushik*, 203 F.Supp.2d 1281, 1285 (M.D. Ala. 2002). Thus, "bill of costs filed pursuant to Rule 39(d) must be filed within 14 days after entry of judgment." *Sudouest Import Sales Corp. v. Union Carbide Corp.*, 102 F.R.D. 264, 265 (D. P.R. 1984). However, bill of costs filed pursuant to 39(e) are not restricted by a time limit, and must be made by separate application to the district court after the mandate has been received from the court of appeals. *See id.* Additionally, "[t]he fact that the Court of Appeals has yet to determine the costs it will tax against [a party] is irrelevant to [the district court's] duty to fix costs taxed in the district court under Rule 39(e)." *Record Club of America, Inc. v. United Artists Records, Inc.*, 731 F.Supp. 602, 603 (S.D.N.Y. 1990). In this respect, the district court's allowance of costs under Rule 39(e) is separate and distinct from the Circuit Court's allowance of costs under Rule 39(d). *See Conway Groves, Inc. v. Coopers & Lybrand*, 158 F.R.D. 505, 506 (M.D. Fla. 1994).

PowerTech cites *Religious Technology Ctr. v. Liebreich*, 98 Fed. Appx. 979, 2004 WL 1114528 (5th Cir. May 10, 2004) ("*RTC*") as controlling precedent for the proposition

---

[1] Although this opinion is unpublished, Fifth Circuit Local Rule 47.5.3 dictates that unpublished opinions issued prior to January 1, 1996, have full precedential value. Moreover, this Court is not the first to follow *In re Sioux* as precedent, particularly in the absence of other applicable and binding case law in this circuit. *See, e.g., Certain Underwriters at Lloyds, London v. Oryx Energy Co.*, 25 F.Supp.2d 769, 770 (S.D. Tex. 1998); *Choice Hotels Int'l, Inc. v. Kaushik*, 203 F.Supp.2d 1281, 1285 (M.D. Ala. 2002); *Singleton v. Guangzhou Ocean Shipping Co.*, 1996 WL 696476, at *1 (E.D. La. Dec. 4, 1996).

that a prevailing party's failure to file a timely bill of costs with the Circuit Court precludes the district court's allowance of such costs. See Obj., at p. 4. The Court agrees with Attwood's position that *RTC* only discusses costs sought under Federal Appellate Rule 39(d) and not costs sought under Rule 39(e). See *RTC*, 98 Fed. Appx. at 987. As previously discussed, appellate costs taxed by the Circuit Court pursuant to Rule 39(d) are governed by a 14-day time limit, while costs taxed by the district court pursuant to Rule 39(e) are not governed by the same time limit.

In conclusion, a party seeking costs under Rule 39(e) should file the application for costs in the district court and not first in the Circuit Court. Additionally, it is entirely proper and necessary for such party to file the application after the Circuit Court has issued its mandate. Attwood did just that in this case. The Court, therefore, **overrules** PowerTech's objection on this point, and finds Attwood's bill of costs is timely under Rule 39(e).

## B. PowerTech's Objection Based on this Court's Discretion to Reduce Attwood's Bill of Costs

In the alternative, PowerTech argues this Court should reduce the award for costs because: (1) this Court has the discretion to do so; (2) equitable principles dictate such a result because Attwood acted with malice and fraudulently induced PowerTech; and (3) the financial status of the parties makes imposition of costs on PowerTech inequitable. PowerTech applies these arguments to both the costs Attwood seeks under Rules 39 and 54(d).

### 1. Court's Discretion to Refuse Allowance Under Rules 39 and 54(d)

PowerTech cites two non-controlling cases from the First and Federal Circuits for the proposition that this Court has the general discretion to deny Attwood's costs under Rule 39(e). See *Dana Corp. v. IPC Limited Partnership*, 925 F.2d 1480, 1991 WL 5890, at *3 (Fed. Cir. Jan. 25, 1991) (unpublished opinion) (stating that "'unless otherwise ordered'" language in both Federal Rule of Appellate Procedure 39(a) and Federal Rule of Civil Procedure 54(d) indicates the district court's award of costs is within its discretion); *Bose Corp. v. Consumers Union of U.S., Inc.,* 806 F.2d 304, 305 (1st Cir. 1986) (holding the district court did not abuse its discretion in taxing costs). Again the Court references

*In re Sioux*, in which the Fifth Circuit stated that "[a]bsent some limiting provision in the mandate from the court of appeals, the party entitled to costs in the court of appeals is entitled to costs in the district court under 39(e)." 1991 WL 182578, at * 1. In this case, the Fifth Circuit ordered that PowerTech, as the appellee, pay the appellants costs on appeal. In light of this mandate, and barring any request for costs not allowed under Rule 39(e), this Court is compelled to allow costs in favor of Attwood. *See, e.g., Certain Underwriters*, 25 F.Supp.2d 769 at 770 ("The Fifth Circuit held [in *In re Sioux*] that where a judgment was vacated and appellees were ordered to pay appellants the costs on appeal 'to be taxed by the Clerk of [the Court of Appeals],' appellants were automatically entitled to costs of their supercedeas bond premium under Rule 39(e)."); *Singleton v. Guangzhou Ocean Shipping Co.*, 1996 WL 696476, at *1 (E.D. La. Dec. 4, 1996) (citing *In re Sioux* for the same proposition). Any discretion the Court has is applicable to fixing costs under Federal Rule of Civil Procedure 54(d), but not applicable to Rule 39(e). *See, e.g., Singleton*, 1996 WL 696476, at *2; *Record Club of America,* 731 F.Supp. at 603.

### 2. Equities Militating Against the Allowance of Costs under Rules 39(e) and 54(d)

As discussed above, the Court retains discretion in the allowance of costs under Rule 54(d), but not under Rule 39(e). In essence, PowerTech asks the Court to punish Attwood by reducing costs for which it is otherwise eligible after the Fifth Circuit's determination that PowerTech's claims fail as a matter of law. A so-called "unclean hands" factor may be considered by the district court in its determination of costs pursuant to Rule 54(d). *See, e.g., In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 463 (11th Cir. 2000) (citing *Smith v. Southeastern Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995) (per curiam) (acknowledging the "unclean hands" factor)). "'[T]he denial of costs to the prevailing party . . . is in the nature of a penalty for some defection on [the party's] part in the course of the litigation.'" *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir. 1975) (quoting *Chicago Sugar Co. v. Am. Sugar [Ref.] Co.*, 176 F.2d 1, 11 (7th Cir. 1949)). "[C]alling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record, or . . . delaying in raising objection fatal to the plaintiff's case"

constitutes the type of behavior potentially worthy of denying costs. *Smith*, 47 F.3d at 99 (citations and quotations omitted); *see also* 10 *Moore's Federal Practice* § 54.101[1][b], at 54-156 (collecting cases on issue of unclean hands).

PowerTech provides no argument or evidence that Attwood acted improperly during the course of litigating this claim. Rather, PowerTech's only assertion concerns legal arguments of fraudulent inducement, which were in part the basis of their underlying case-theory. The Court **overrules** PowerTech's objection on this point.

### 3. Financial Status of the Parties as Equitable Force

PowerTech argues it is a small company and that "Attwood's fraudulent conduct pushed PowerTech to the brink of going out of business." Obj., at p. 6. The district court may consider the non-prevailing party's financial circumstances in determining whether to allow costs. The Court, however, is not required to do so, even if the party establishes indigency. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180 (10th Cir. 2004) (determining district court did not abuse its discretion when it allowed costs, even after non-prevailing party demonstrated its indigency); *accord McGill v. Faulkner*, 18 F.3d 456, 560 (7th Cir. 1994) (indigency did not require the district court to shield the non-prevailing party from costs). When courts do consider indigency, and thus abrogate the general rule that in all but exceptional cases costs should be awarded to the prevailing party, it is only a factor when the non-prevailing party is "of such modest means that it would be an injustice or inequitable" to enter a cost allowance. *Rosales v. City of San Antonio, Tex.*, 2002 WL 1492590, at * 1 (W.D. Tex. Mar. 31, 2002). Stated differently, "only where there is clear proof of the non-prevailing party's 'dire financial circumstances'" should the court in its discretion decline to impose costs. *See Murphy v. Bd. of Ed. of the Rochester City Sch. Dist.*, 308 F.Supp.2d 148, 151 (W.D.N.Y. 2004) (quoting *Chapman v. A.I. Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

In this case, PowerTech has only generally asserted that they were on the "brink" of going out of business." PowerTech, has not, however, presented any evidence that it is currently unable to pay the costs and thus should be considered indigent, nor is there a record from which the Court could conclude PowerTech should be relieved of their duty

to pay costs. In short, PowerTech has failed to overcome the burden that the losing party must pay the prevailing party's costs. *See Chapman*, 229 F.3d at 1039 (explaining that financial status is a relevant factor, but substantial documentation of true inability to pay is required before court disturbs rule that prevailing party is entitled to costs). Moreover, the relative economic disparity between PowerTech and Attwood is insufficient as a basis for denying costs to Attwood. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (rejecting argument that based solely on relative economic wealth allowance of costs may be protested).

For these reasons, the Court **overrules** PowerTech's objection on this point.

### C. PowerTech's Objection to Attwood's Specific Requested Costs[2]

#### 1. Videotaped depositions

PowerTech argues recovery is not permitted in the Fifth Circuit for videotaped depositions or the editing of videotaped depositions. *See Mingis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) (explaining there is no provision under 28 U.S.C. § 1920(2) for videotapes of depositions and even if the statute could be interpreted to include videotaped depositions, no showing was made that it was "necessarily obtained for use in the case."); *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001) ("There is no provision for videotapes of depositions," and finding the district court erred in taxing these costs); *United States v. Rockwell Space Operations Co.*, 2002 WL 924807, at *2 (S.D. Tex. Apr. 30, 2002) ("In the Fifth Circuit . . . '[t]here is no provision [in § 1920(2)] for videotape depositions'") (citations omitted).

Attwood responds that the costs were necessarily incurred in this case because witnesses Don Rocheleau and Kemper Morrow were outside subpoena range of this Court and videotaping the depositions was necessary to preserve their testimony for trial. The related editing costs, Attwood argues, were required by this Court. *See* Chamber Civil

---

[2]PowerTech concedes in a footnote that the premium for Attwood's supersedeas bond, costs for preparation of the appellate transcript, and the filing fee for the appeal are items "potentially" justifiable under Rule 39(e). *See* Obj. at p. 8 & n.5.

Procedure Rule 14.C ("Use of videotape depositions is permitted if counsel voluntarily edit them to resolve objections and incorporate rulings by the Court.").

Attwood seeks the amount of $1,818.60 in costs for videotape editing of depositions used at trial. The Court notes that the invoice Attwood submits for the videotaped depositions includes "after hour video editing." Attwood has provided no arguments for why it was necessary to do after-hour editing, presumably at a higher rate. Regardless, however, the case law in this circuit ties the Court's hands in the allowance of costs for videotaped depositions. Attwood has not presented the Court with any authority indicating that a chamber rule requiring editing of videotaped depositions[3] –when the parties elect to use such depositions–provides a caveat to the rule that videotape depositions are not included in costs recoverable under 28 U.S.C. § 1920(2). Indeed, other district court's have noted that were they not bound by Fifth Circuit precedence, they would accede to the authority in the majority of circuits interpreting § 1920(2) and videotape depositions. *See, e.g., Waggoner v. Trans Union,* 2003 WL 22838718, at * 3 n.2 (N.D. Tex. 2003). This Court too is bound by Fifth Circuit precedence. The Court **sustains** PowerTech's objection on this point, and reduces Attwood's total costs by $1,818.60.

### 2. Deposition Costs

PowerTech next argues Attwood fails to make a showing that copies of transcripts were necessary. Attwood responds that costs associated with copies of deposition transcripts ($1,541.59) were incurred because "the original version of the deposition transcript was furnished only to the party that noticed the deposition. For those depositions that Attwood did not notice, it was required to request and pay for a copy." Attwood's Reply, at p. 10.

> Under §§ 1920(2) and (4), prevailing parties are entitled to the costs of original depositions and copies if "necessarily obtained for use in the trial." We do not require that a deposition be actually introduced into evidence to meet this requirement. If, at the time it was taken, a deposition could reasonably be

---

[3]This Court is by no means alone in its requirement that videotaped depositions be edited to resolve objections. *See, e.g.,* Chamber Civil Procedure Rules, JJ. Ellison, § 14.D; Harmon, § VIII.I.4; Gilmore, §13.D.

9

expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. We accord great latitude to this determination. *Fogleman v. ARAMCO,* 920 F.2d 278, 285 (5th Cir. 1991).

*Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *see also Studiengesellschaft Kohle*, 713 F.2d at 124.

The Court **sustains in part** PowerTech's objections on these points.  The Court makes the following reductions in Attwood's costs:

1. Deposition of Kempner Morrow: Attwood seeks costs for the original deposition ($411.75), photocopies of exhibits ($36.00), video original ($180), documents produced ($1,108.00), copy of oral deposition including exhibit ($249.10). The Court will **deny costs** for the copy of Kempner Morrow's deposition ($249.10), the video original ($180), the documents produced ($1,108.00), and videotape copy ($125.00).  The Court is uncertain what "documents produced" relates to, and thus will deny this cost because Attwood, in the face of PowerTech's objection that certain costs are undocumented, has not provided an explanation for this entry.  Thus, for the deposition of Kempner Morrow, **the Court will tax $448.35** as reasonable and necessary costs for this deposition.

2. Deposition of Steve Powers: Attwood seeks costs for this deposition in the amount of $1,122.11.  The invoice includes reference to: "expedited five day, ASCII Disk, condensed Transcript, Word Index, Administration Fee, Exhibits (Discounted), Key Word Index, and shipping and handling."  The cost amounts, however, are not itemized, and thus the Court cannot discern the amount for each item entry.  Without reasons for obtaining this deposition on an expedited basis, the Court will partially reduce the allowance.  In light of this, **the Court will tax 2/3 of the requested amount for this deposition in the amount of $748.11.**

3. Deposition of Mary Morris: Attwood seeks costs in the amount of $1,002.10 for this deposition.  The invoice is similar to the previous invoice, and it likewise

10

references expedited four-day service.  In light of this, **the Court will tax 2/3 of the requested amount for this deposition in the amount of $668.10.**

4.   Deposition of Juan Herrera: Attwood seeks costs for this deposition in the amount of $1,385.45.  This invoice contains reference to three day delivery-technical processing fee, exhibits, binders, outside copy service-color, ASCII, e-tran original, keyword index, and delivery charges.  For the same reasons, including what appears to be a special three-day delivery request, **the Court will tax 2/3 of the requested amount for this deposition in the amount of $923.45.**

5.   Deposition of Charles Cummings: Attwood seeks $986.90 ($493.45 x 2) in costs for this deposition.  There are no charges for expedited service.  One deposition copy was shipped to a third party - Dwight Hamilton Steelcase, Inc. and the other to counsel at the Baker & McKenzie law firm.  In light of PowerTech's objection to copies of the deposition, Attwood provides no explanation as to why two copies were necessary for litigation and not merely for the convenience of the parties.  **The Court will tax the amount of $493.45.**

6.   Deposition of Lew Haeck: Attwood seeks $340.25 for a copy of this deposition.  **The Court taxes the full amount of $340.25.**

7.   Deposition of Don Rocheleau: Attwood seeks $675.20 for a copy of this deposition, and $215.00 for a copy of the videotapes from this deposition.  **The Court taxes the amount of $675.20 for the copy of the deposition.**

8.   Deposition of Ygnacio Garza: Attwood seeks $517.25 for a copy of this deposition.  **The Court taxes the full amount of $517.25.**

9.   Deposition of Patricia O. Alvarez: Attwood seeks $886.38 for this deposition. **The Court taxes the full amount of $886.38.**

10.   Deposition of Jorge Rangel: Attwood seeks $277.00 for a copy of this deposition.  **The Court taxes the full amount of $277.00.**

### 4.   Recovery for exhibits

PowerTech argues Attwood is not entitled to a lump sum amount for "trial

exhibits" that are not itemized or identified. Attwood argues 28 U.S.C. § 1920(4) authorizes recovery for "[f]ees for exemplification and copies of papers" that were necessarily incurred in the course of the litigation. As Attwood points out, this court's trial procedures required two sets of copies of the exhibits for trial, which are to be submitted in a tabbed and indexed notebook.

Necessary photocopies of trial exhibits are costs recoverable under 28 U.S.C. § 1920 by the prevailing party. *See Fogleman*, 920 F.2d at 286. Photocopies for the convenience of the parties are not recoverable expenses. *See id.*

Attwood has represented to the Court that the copy costs it seeks are for two sets of trial exhibits. "While [courts] certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation." *Id.* Attwood, however, has indicated these copies correspond to two sets of exhibits. The Court taxes the following amounts:

$1,433.65 for "medium litigation" copies, tabs, and binders (from Odyssey);

$ 1,955.21 for "heavy litigation copies" and binders' (Pinnacle);

$361.12 for "light run copies," clips, staples, binding (A-Legal) and;

$1,166.16 for "medium litigation copies," tabs, and binders (Litigation Solution, Inc.)

The Court declines to tax PowerTech for "gram malt paper, foamboard, print mount," or the rush charge associated with these expenditures in the amount of $704.44. Costs for charts, models, and photographs are not allowed as costs unless there was pretrial authorization. *See Studiengesellschaft*, 713 F.2d at 133 (citing *Johns-Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381, 1385 (5th Cir. 1970)). Attwood did not seek prior approval from the Court for costs for malt board, foamboard, or print mount, which are associated with exhibits and presentation formats

this Court does not require. As a result, the Court declines to tax costs for these trial exhibits.[4]

The Court therefore **sustains in part and overrules in part** PowerTech's objection on this point, and **the Court taxes $5,034.42 in costs for copies associated with trial exhibits.**

### III. Conclusion

The Court taxes the following amount in favor of Attwood against PowerTech:

    1. $71,978.00 for costs of premium paid for supercedeas bond pursuant to Federal Appellate Rule 39(e);

    2. 5,384.39 for fees of the court reporter and transcript necessary for appeal pursuant Rule 39(e);

    3.  $105.00 for fee for filing the notice of appeal pursuant to Rule 39(e);

    4. $5,977.54 for deposition costs pursuant Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, and;

    5. $5,034.42 for costs associated with copying trial exhibits pursuant to Rule 54(d) and 28 U.S.C. § 1920.

**The Court taxes a total of $88,479.35 in favor of Attwood against PowerTech**.

DONE at Brownsville, Texas, this 2nd day of August 2005.

*/s/ Hilda Tagle*

---

[4]The Court allows costs for binders and tabs because the Court's Chamber Rules 10.E. require exhibits to be presented in this format. Moreover, the Court in this case required two copies of the exhibits.

_____

Hilda G. 3Tagle

United States District Judge